Fee Paid

**JAYENDRA A. SHAH, M.D.**
**2525 E. Ocean Blvd.**
**Long Beach, CA 90803**
**(562-279-3817, 562-433-7208)**

**Plaintiff, Pro Se**

FILED
2008 OCT -2 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ________

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAYENDRA A. SHAH, M.D., Plaintiff, | No. CV08-6499 SVW (JCx) |
| vs. | COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, EMPLOYMENT DISCRIMINATION, RETALIATION, VIOLATION OF CIVIL RIGHTS AND ABUSE OF PROCESS, CONSPIRACY TO SILENCE WHISTLE BLOWER BY VIOLATION AND FEDERAL CIVIL RIGHTS AND VIOLATION OF AMERICAN DISABILITY ACT. |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY DEPT. HEALTH SERVICES, CHARLES STEWART, STEPHEN MORRIS, LOS ANGELES COUNTY SUPERVISORS MR DON KNABE, MR MICHAEL ANTONOVITCH, MS GLORIA MOLINA, MS YVONNE B., BURKE, MR ZEV YAROSLAVSKY, DR. BRUCE A CHERNOFF-CHIEF MED OFFICER OF LA COUNTY DHS DR JOHN SCHUNHOFF, DR SWAN, CMO, LOS ANGELES COUNTY, DR. GAIL ANDERSON, DR. DENNIS LEVIN, DR. JEFFREY BARBOSA, MR. MICHAEL HENRY MR MIGUEL ORTIZ, MS MICHELLE MORGAN, MS. RHONDA FERNANDEZ, CEO MR. WILLIAM. T. FUJIOKA. DEFENDANTS. | (JURY TRIAL DEMANDED) |

10/2/2008 2:47:09 PM Receipt #: 111898
Cashier : ABELLAMY [LA 1-1]
Paid by: JAYENDRA A. SHAH
2:CV08-06499
2009-086900 5 - Civil Filing Fee(1)
Amount : $60.00
2:CV08-06499
2009-510000 11 - Special Fund F/F(1)
Amount : $190.00
2:CV08-06499
2009-086400 Filing Fee - Special(1)
Amount : $100.00
Credit card Payment : 9641 04568B / 350.0
0

**PLAINTIFF, JAYENDRA A. SHAH, M.D. alleges:**

**JURISDICTION.**

1. The action is brought by plaintiff pursuant to Title VII of the Civil Rights Act of 1968, as amended, 42 U.S.C. Sec. 1981, Sec. 1981(a), Sec. 1983 and Sec. 1985(3). This action is brought under rights guaranteed by 42 U.S. Sec. 2000e-2(a), 2000e-3(a), Sec. 2000e(5)(3) and 1217(a). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1343(3)(4), Sec. 1345 and 42 U.S.C. Sec. 3612(o) and 12101, et seq.

2. Plaintiff filed a claim with the County of Los Angeles on September 28, 2008 which has been neither accepted nor denied.

3. Plaintiff obtained a letter permitting suit for employment discrimination from the State of California on November 2007.

4. Plaintiff obtained a right to sue letter from the EEOC on August 27, 2008 which permits filing of this suit. A copy of this letter is attached as Exhibit A.

5. Plaintiff filed four grievances with the County of Los Angeles based on the discriminatory and retaliatory actions by the County from October, 2007 through April 2008. Only one of these grievances was heard at third level and denied. Thereafter the County denied arbitration to review the facts of the grievance. The other two grievances were never heard at third level. The fourth grievance dated date April 21, 2008 was never heard at all with false reasons including lies.

6. In 2007, the Plaintiff filed a claim with the Affirmative Action Compliance Section of Los Angeles County. The claim against the County of Los Angeles related to employment discrimination, retaliation and violation of civil rights. No

action was taken on this claim.

7 Plaintiff filed a claim in 2008 with Los Angeles County's whistle blower's section. This claim was against those in the County who forced me to work as a clerk in assignment and work products were ignored which has proof of substandard care. Also the claim mentioned the poor quality of medical care rendered to Los Angeles County resident patients. The poor care resulted in premature deaths and loss of life by stroke and heart attack, loss of kidneys, limbs. loss of eyesight due to poor medical care in hypertension and diabetes mellitus conditions. Tabulated data of poor care. per criteria of quality medical care exists in records at Long Beach Comprehensive Health Center and Rancho Los Amigos Rehab Hospital in Downey. Plaintiff was forced to participate in cover up of data of quality care which he resisted. As a result he got retaliation.

**PARTIES**

**PLAINTIFF**

8. Dr. Jayendra A. Shah, Is a California Licensed Medical Doctor. He has been a resident of Los Angeles County, California since February, 1976. Dr. Shah started work as an Employee of Los Angeles County Department of Health Services in February, 1976 as a Physician Specialist in Rehab Medicine. He was acting Director of Rehab Medicine at Long Beach General Hospital, a LA County Hospital from July 1979 to October 1981. Dr. Shah's record of service and performance has been excellent for 30 Years. Dr. Shah was employed as a "Physician Specialist" by the Classification of County of Los Angeles, Civil Service Regulations. He was to practice rehab medicine for LA County patients as a consultant. His employment was governed by civil service regulations. Dr. Shah was paid a salary based on the standard classifications applicable to his position. The amount of salary increased with the changing rules, step raises or

longevity raises and American Board Certification. The terms of employment were written and based on the County DHS and civil service regulations, written memoranda and directives issued by LA County DHS from time to time setting forth specifics as to assignment, work duties, location and other terms of employment.

9. Plaintiff was off work from August 22, 2005 to September 19, 2007, due to total temporary disability, TTD, required for bilateral total knee replacement surgeries. He was injured at his County job. He was released to return to work by his treating physician on September 20, 2007. At the time, he returned to work as a Physician Specialist he was forced to sign, two weeks later, a new contract on Oct. 5, 2007. A copy of the contract is attached hereto as Exhibit B. Two weeks were wasted before Dr. Shah, an injured employee, was allowed to return to work. This new contract was submitted by the medical administration at Long Beach Community Health Center, "LBCHC", where he was forcibly assigned to work as a clerk. The new terms in the contract were unnecessary and illegal. Dr. Shah was threatened he would lose job if he did not get clinical privileges. He was forced to work as clerk, 50% more work – now in 2007- collect data from 30 medical records instead of 20, which he was forced to do since 1992. He was forced to do assigned duties due to terms. It was clerical work, 98% of such work in DHS is done by clerk. The medical directors, Dr. Barbosa and Dr. Levin, stated plaintiff needed clinical privileges for the position.

10. Under the County Classifications a Physician Specialist duties include teaching, supervising, training, and research. See Exhibit C. None of these activities require clinical privileges. By pretextual reason, he was forced to work as a clerk until he got privileges. LBCHC forced him to work as a clerk for months. The DHS of County and LBCHC medical administration knew that forcing a physician to do solely clerical work had been found to be employment

discrimination by a ruling in 1992 by the Los Angeles County Civil Service Commission (no. 92- 333). The 1992 ruling stated that (1) county had resources to use qualification and expertise of Dr. Shah and (2) they could not use him as a clerk as per his classification. Duties he was forced to perform in 92-93 was clerk's work, it was not duties of a Physician Specialist. The County discriminated against him as employee and as injured employee returning to work. There was a list of remedies and procedures defined by the hearing officer in CSC 92-333 and ordered by the CSC. An excerpt is attached hereto as Exhibit D.

11. The work assignment in 2007-2008 was discriminatory and retaliatory in that it required Dr. Shah to do clerical work while he was waiting for clinical privileges. Clinical privileges were not necessary for his position as a Physician Specialist. The medical administrators in LACO-DHS, Rancho Los Amigos Hospital of Downey, UCLA Harbor Hospital of Torrance and LBCHC knew that the facilities and personnel at LBCHC could not support the work of a full time rehab, pain expert, consultant physician specialist like Plaintiff. The County refused in 2007 to assign him to appropriate work duties, like Rancho Rehab Hospital in Downey(where he was assigned by director of DHS in March 1994 until Sept., 1997) or UCLA-Harbor Hospital in Torrance, where they have the necessary equipment and personnel available. These actions were discriminatory and part of the county's ongoing retaliatory actions and pattern of persecution.

12. To discriminate, retaliate, humiliate and intimidate Dr. Shah, LA County, knowingly mis-interpreted work restrictions. None were new or different from the plaintiff's worker's compensation doctor, to justify assignment of plaintiff to clerical duties in 2007-2008. This was a discriminatory action. Dr. Daniel Capen opined that there was no medical conditions that prevented or restricted Dr. Shah from performing the duties of a physician specialist-rehab physician as mentioned in Classification of Duties. The

work assignment as clerk from Oct 5th 2007, forced by LBCHC and DHS, was discriminatory, retaliatory, intimidating, persecutory and humiliating.

13. Dr. Shah was intimidating into signing the contract of October 5, 2007, by threats, he would not be allowed to return to work as a county employee unless he signed. He was threatened with dismissal if he did not get clinical medical privileges within 60 days from signing and perform duties as clerk with quota of 30 charts a day. It was 50% more work as clerk. He got a small storage place to work in and share with clerk. It was unsafe to move around or go out of the small room, 75% of the space was used by other clerk. Dr Shah did not have a desk. He got two work injuries in few months due to hostile site and working environment, facility, inappropriate work assignment and duties. He was not allowed to attend main committees of continuous quality improvement even though he is the most experienced expert in improving quality of medical care continuously for 30 years. He could not consult enough patients, could not help or examine enough patients due to intentional poor referral system of needy patients. There were hundreds of patients waiting for 3 to 6 months, who could benefit by consultation of Dr. Shah. In five months he got only 120 patients from December 6, 2007 to April 21, 2008, instead 500-600 patients, as he agreed to treat, 6 to 7 patients daily. He was forced to work at LBCHC clinic. The medical administration failed miserably for six months to serve needy patients in pain and rehab medical care.

14. Plaintiff was treated differently than other non-Asian physician specialists. No other non-Asian doctor was required to perform full time clerical dutie for 8 hours a day for months. Plaintiff was retaliated against due to his race, color and nationality and for being an advocate for County patient's rights. This was due to plaintiff's open protest about poor quality medical care in County clinics and hospitals. He publicized patients' plight and asked for urgent County actions, which will protect the patient's rights for high quality medical care. He was vocal about

poor quality medical care given in county clinics and hospitals. For many years, he was aware of poor care as he is a Continuous Quality Care Improvement expert.

15. Usually, Dr. Shah could get clinic or hospital privileges in Southern California community hospitals within days or on the spot, but County DHS spent 60 days to approve clinical privileges. Even after the County granted clinical privileges on Dec. 6, 2007, plaintiff was not referred any patients for his opinion or expert consultations for 6 weeks, except one. This was a deliberate action by plaintiff's supervisors to limit his work assignment to clerical work. There was ample time from Sept. 20, 2007, to book rehab patients, but none were scheduled. Even though plaintiff agreed to see 6 to 7 patients a day in consultation, after 5 months he was only referred 120 patients. Many patients were directed from walk-in clinic. No real work up was done, no x-rays were even taken nor was there any treatment trial done by prescribing medications. Many times referral papers were blank, no mention of reason of referral for my opinion and consultations. Nothing was written up. The administrator dumped the patient with no work up. Dr. Shah prepared and gave a daily list of patients who can benefit by his consultations since October 6, 2007 but incompetent system and his supervisors failed miserably in basic duties. The great loss was to the poor patients as no specialist like Plaintiff will see any patients refered from LBCHC, at UCLA Harbor Hospital or clinics. Not even physical therapist will see them unless full work up is done like x rays , treatment and full write up on special form. Even then all LBCHC patients waited for 3-6 months when Dr. Shah could have seen 500-600 patients. The failure to refer more patients was part of the discriminatory and retaliatory actions the County took against the plaintiff. Dr. Shah was prevented from practicing his profession by these discriminatory and retaliatory actions. It's a crime by DHS to delay needed medical care to poor people. It's a crime to let poor patients wait too long for referral to a proper specialist for consultations. In Rancho and UCLA Harbor Hospitals, they use technicians, like physical therapist or

occupational therapist as MD's. No qualified MD supervises these para medical support staff. Usually, rehab board certified doctor like Plaintiff, act as team leader and supervise them for care given to patient plus teach and train therapists, outcome or results are best or optimum. Plaintiff was not allowed to perform these tasks as part of the discrimination against him by the County Health System.

16. While Plaintiff was acting Director of Rehab in LACO hospital, Long Beach General Hospital, in 1979, he acted as arbitrator for California Medical program to evaluate quality of medical care given or no care given by Rancho Rehab Hospital, Downey. In 1979, Plaintiff reviewed 850 medical records and found that 50% of patients received poor or no medical or rehab care at all.

17. The deliberate actions of giving plaintiff clerical work assignment by the County DHS, resulted in Plaintiff having two new work injuries in 2007. They resulted from repetitive turning of 800 pages or more per day by right thumb and hand and repeated turning, twisting, bending and lifting frequently charts weighing 5-10 lbs from trolleys, resulting in acute low back injury. At the same time, the County refused to use plaintiff for any other task or work, for which he is highly qualified. Examples include teaching, training, supervising, and research. These actions were discrimination against a disabled person that had preciously been condemned by the County Civil Service Commission in its order 92-333. Plaintiff incurred pain, suffering and mental stress due to the deliberate discriminatory actions of the County. These work injuries caused Plaintiff to be put on total temporary disability, TTD, beginning 4/22/ 2008. First injury caused change in work assignment effective from 1/23/2008. Both work injury cases were filed in the worker's compensation system.

18. As a U.S. citizen Dr. Shah volunteered at age 41 to serve in the United States Air Force knowing that he could not get any retirement. He agreed to serve in United States Air Force as they desperately needed more medical doctors. Dr.

Shah is now retired as a major and flight surgeon. Similarly, he joined LA County DHS at age 39, to serve poor and needy citizens. His speciality is Rehab medicine with a concept of total care and team approach. This leads to improvement of quality of life and increased longevity for patients.

19. Dr. Shah paid a heavy price for being vocal for patient's rights to get high quality medical care, and for protection of basic civil rights. Dr. Shah publicized both issues in elections as candidate for public office. He was candidate in 4th dist LA County supervisor race in 2004 and again in 2008. The mission was to have democracy, equal rights for all, to stop corruption, racism and robbing of treasury and advocate patients rights for good quality medical care.

**DEFENDANTS.**

20. The County of Los Angeles is a local governmental entity. The plaintiff has been employed since February, 1976 by the County Department of Health Services as a Physician Specialist. By virtue of County policies prohibiting Discrimination, Harassment, Retaliation and Intimidation and state and federal laws prohibiting such discrimination, the County was required to refrain from discrimination due to race, color and nationality. In Civil Service Commission proceeding No. 92-333 the County was order to comply with the civil service rules relating to this employment and to assign Dr. Shah to work commensurate with his qualification, Classification and expertise as a physician specialist and to stop treating him as a mere clerk. The County have discriminated against him and as injured employee, work related injured employee

21. Dr. Charles Stewart is the Director of Rancho Los Amigos Rehab Hospital in Downey, California. As part of the County's actions to retaliate and discriminate against Dr. Shah, Dr. Stewart gave knowingly, 3 months late, a false statement about his face to face conversation with Dr. Shah. As Dr. Shah's immediate

supervisor at Rancho Hospital in 1997, Dr. Stewart refused to allow Dr. Shah to be assigned to Rancho Los Amigos Rehab Hospital. Since January, 1998, Dr. Shah has not worked at Rancho even though Dr. Shah was assigned to Rancho since March, 1994, by the Director of DHS and worked there until Sept. 1997. He was not allowed to work at Rancho 2007-2008 even though there is a valid agreement.

22. Mr. Stephen Morris is an attorney who previously, knowingly, in 1997 filed false accusations with Dr. Stewart against the Plaintiff in a concerted effort to discredit plaintiff, silence the messenger, and humiliate him. He gave testimony , delayed by 2 years, in a statement about a phone conversation of 1995 in which Dr. Shah and Mr. Morris discussed a WCAB case.

23. The ultimate executive power and responsibility in Los Angeles County is granted by charter to a board of supervisors, consisting of five individuals, Mr. Don Knabe, Mr. Michael Antonovitch, Ms. Gloria Molina, Ms. Yvonne Burke and Mr. Yaroslavsky. Each of said individuals are personally responsible for the violations of civil rights that have occurred in this case and that have been knowingly committed against the plaintiff. They were made aware of issues: (1) The DHS discriminated against Plaintiff and violated his civil rights and forced him to work as clerk even though hired as a rehab consultant. (2) poor quality of medical care, cover up of data, fraud in C Q I section, death of innocents due to poor quality, substandard medical care to thousands, and Martin Luther King Hospital issues. They all in game of keeping power and control, but people are dying daily and prematurely. Employees civil rights are violated by few corrupt racist employees. There is urgent need of accountability. They ignore all facts.

24. Dr. Bruce A. Chernoff, is the chief medical officer of DHS. Dr. John Schunhoff is asst. director of DHS. Dr. Swan is the CMO of Los Angeles County. Each of said individuals are personally responsible for the violations of civil rights, discrimination and retaliation that have occurred in this case as they

were made aware by letters, phone calls and fax from Dr, Shah and they have knowingly committed repeated discrimination and retaliation against the Plaintiff. All five LA County supervisors are aware of Dr. Shah's work assignment as clerk, have heard his complaints in open LA County board meetings, cover up of substandard quality of medical care in LBCHC, UCLA Harbor Hospital and Rancho Los Amigos Rehab Hospital. They all knowingly failed in duties like equality of all employees rights, fostering a work place devoid of discrimination and retaliation. As head of Los Angeles County they have closed their eyes and ears and act like blind and deaf people as if they don't want to see or hear any truth. They only took interest in helping donors, lobbyist friends, families and vested interests. These people have kept them in power for 16-32 years. After 32 years as employee Plaintiff only asked for proper assignment at appropriate location. He has not asked for more salary as DHS do assign at proper place.

25. LA County Supervisors are robbing our treasury and rights. Millions of dollars are spent daily for own buddies. This truth is bitter. Martin L. King Hospital closed and poor quality care goes on daily in LBCHC, Rancho Rehab Hospital and UCLA Harbor Hospital. They deliberately encouraged bigots and racists in LA County system by own attitude and lack of proper supervision. They were not accountable to all citizens, residents of county. They allowed failure of justice in system. They ignored illegal activities of few rouge employees like cover up of substandard quality medical care as shown in data. They harassed, intimidated and retaliated against Dr. Shah, the messenger and ignored his message, poor care with death of many innocents for 30 years.

26. Dr. Gail Anderson and Dr. Dennis Levin are medical administrators of UCLA Harbor Hospital in Torrance, Calif. These doctors refused to allow Dr. Shah to be assigned to UCLA Harbor Hospital which had equipment and additional personnel to support the work of a rehab specialist such as

plaintiff. Their refusal to allow plaintiff to be assigned to UCLA Harbor Hospital was part of the discriminatory employment actions taken by Los Angeles County. Dr Shah knows hundreds of patients who are waiting for 3-6 months at LBCHC to see a doctor like Dr. Shah, a rehab and pain consultant.

27. Dr. Jeffrey Barbossa is asst. dir. and Dr. Dennis Levin, dir. at LBCHC were at all times the medical administrator for LBCHC and were the direct supervisors of plaintiff. Dr. Barbossa and Dr. Levin was personally responsible for the violations of civil rights and employment discrimination that LA County practiced against plaintiff.

28. Mr. Michael Henry, is director of human resources in LA County. He is aware of violations of Dr. Shah's civil rights, discrimination and retaliation by some in giving poor assignment as clerk. Mr. Henry is accountable as the LA County five supervisors. He must investigate, stop discrimination and retaliation. Some one must face reality and take responsibility. They should stop abuse of any and all employees. They are in charge of County so they must act to stop discrimination, harassment and retaliation. They can't pass the blame and or fail to take action.

29. Mr. Miguel Ortiz is CEO at UCLA Harebor Hospital in Torrance. He is in charge of all employees and services including LBCHC. He heard my third level grievance in February, 2008, denied it but never allowed Dr. Shah or his union, UAPD, to go for proper hearing. The County denied arbitration as if nothing more can be done. They blocked his genuine grievance of Oct. 2007 but never listened. two more even too late- three grievances before but did not follow rules-did not listen in 30-40 days. Plaintiff's fourth grievance of April 21, 2008 was never discussed. It was denied in Aug 08 as being late. They fraudulently cover up the false decisions.

30. Ms. Michelle Morgan, as in charge of hearing of all County employee grievances. She failed to plan a timely hearing of two grievances at third level,

and denial and cover up of fourth grievance which was filed on 4/21/2008 by false reasoning.

31. Ms. Rhonda Fernandez is the person in charge of County whistle blower complaints. She did nothing for 8 months after Plaintiff filed a complaint. She failed in duty to investigate, kept covering up and failed miserably in her duties to Plaintiff who put his neck out for justice and truth.

32. CEO William. T. Fujioka was CEO at LBCHC in 1994. He is filed a false accusation report 1994 against Dr. Shah to discredit him. He perjured himself. He wanted to please supervisors and retaliate against Dr. Shah. In 1995 he withdrew all accusations as Plaintiff's attorney demanded an open hearing from Civil Service Commission. He created a false record in Dr. Shah's personnel file. He is now CEO of LA County and was promoted for lying against plaintiff.

**FIRST CLAIM FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS.**

31. Plaintiff realleges all prior allegations.

32. On October 5, 2007, Plaintiff was forced to sign a work contract on threat of being dismissed. Plaintiff signed the contract under duress. A copy of the contract is attached hereto as Exhibit B. It was unwarranted and unnecessary. The contract is threatening and humiliating. The contract was made specially made for Dr. Shah and they threatened if not signed he could not return to work as employee returning back to work after TTD or surgeries.

33. The contract called for Plaintiff to obtain clinical privileges and he is forced to work as a clerk. The work load per contract for a clerk was 50% more than he was forced before 2007. This work as clerk was discriminatory as

proven before in CSC 92-333. An excerpt of this decision is attached hereto as Exhibit D. No other Physician Specialist works as a clerk by force out of 850 M.D.'s in last 20 years, for 8 hours a day, for months.

34. The defendants breached the contract as they did not immediately grant privileges which meant that Dr. Shah was forced to work as a clerk for 60 days after returning to work. After 60 days on Dec. 6, 2007 when clinical privileges were granted to Plaintiff he never received any referral as consultant for six more weeks except for one. Forcing the Plaintiff to work as a clerk was demeaning and demotional. To work as a Physician Specialist per classification, Plaintiff did not need clinical privileges as there are many other duties a Physician Specialist can do.

**SECOND CLAIM FOR EMPLOYMENT DISCRIMINATION AND RETALIATION AGAINST ALL DEFENDANTS.**

35. Plaintiff realleges all prior allegations.

36. This is an action brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code, Section 2000e et seq. To obtain relief for Plaintiff, Dr. Shah, for discrimination and retaliation against Plaintiff's color, race and nationality. Plaintiff alleges he was discriminated because his work assignment was not appropriate for his employment classification for which he was hired, Physician Specialist, expertise and training. Because he was vocal for protection of his civil rights and protection of patient's rights to get high quality medical care, he was treated differently and retaliated against for speaking against substandard quality of medical care in County facilities and cover up of statistical quality care data and fraudulently preparing data for JCAHO. The plaintiff was revictimized by all defendants for complaining to JCAHO, State Medical Board and publicizing in

public forum like newspapers, flyers, websites, as candidate for Fourth District County Supervisor in 2004 and 2008.

37. Plaintiff had pain and suffering due to work injuries due to clerical work assignment and emotional stress due to his awareness about the premature death of patients as the their care was substandard. There is misery for thousands of patients and their relatives in last 30 years due to ongoing cover up, fraud in quality care data. Plaintiff was deceitfully denied lateral transfers and promotions for last 30 years even though he scored 100 out of 100 in all civil service exams. His military records as retired USAF major and flight surgeon was not considered in 2008. Plaintiff had filed no grievance until November, 1982 even though he worked for six years for County. He was acting director of rehab medicine at Long Beach General Hospital from June 1979 to October 1981. He is certified by American Board of Physical Medicine and Rehab. He is fellow of American Academy of Physical Medicine and Rehab. He is also pioneer in pain management since 1978. He is also fellow of American Academy of Pain Management and fellow of American Back Services. He is expert in Electro Myography. He has given expert testimony in Courts for last 30 years. There is no malpractice against him in last 35 years. He has done part time practice of rehab medicine in So. Calif. for past 35 years. No one ever complained against him about his medical care in last 35 years meaning no patient, no hospital, no other doctors, no insurance company, Medicare or Medical.

38. Plaintiff, Dr. Shah, seeks the following relief, pursuant to Title VII, Title 42, U.S.C. 2000e5(g) and (k), specifically, monetary relief including benefits, back pay, back promotion, compensatory and punitive damages, attorney's and costs of suit and injunctive relieve consisting of an order promotion him and granting retroactive seniority for said discriminatory and retaliatory employment practices.

39. Plaintiff stopped applying for promotions in May of 1996 because of deceitfully grading lower score in April of 1996. It was futile to apply for further promotions due to the hostility evidenced against Plaintiff. Defendants do not publicize all promotional exams and many times promotion is given to a favored employee. In 2008 Dr. Shah applied for Chief Physician position and defendants did not allow Veteran's credit even though Plaintiff is a retired major. Plaintiff received 100 instead of 110 on this exam. Plaintiff was acting Director for 28 months without change of salary but doing work of supervisor, teacher and consultant.

40. Plaintiff was forced to work as a clerk and performance evaluation was done November 14, 2007 for clerical work in reference to quota and not as doctor. He was not allowed to practice medicine 40 hours a week even though he was hired as a full time Physician Specialist in Rehab Medicine. His work product as a clerk was ignored because he was vocal about finding of data of substandard care which was ongoing for a long time.

41. Defendant's denial of promotion to Plaintiff constitutes disparate treatment in violation of 42 U.S.C. 2000(e)-2(a)(1) in that the defendants intentionally denied an employment to plaintiff because of his color, race and nationality. Defendant's denial of the opportunity to practice medicine as a Physician Specialist and rehab and pain consultant constitutes disparate treatment in violation of 42 U.S.C. 2000(e)-2(a)(1) in that the defendants intentionally denied an employment to plaintiff because of his color, race and nationality. Being a doctor and a consultant requires years of training and sacrifice for Dr. Shah. After Plaintiff was hired as a rehab consultant he was not allowed to practice in his chosen field of medicine. He was denied job satisfaction and pursuit of happiness by the discrimination and retaliation of the defendants. Due to the ruling in CSC 92-333 the continued discrimination and retaliation by the defendants shows that their actions were intentional and with malice.

Plaintiff was denied the intangible loss of employment related activities as the Defendants continued to discriminate against Plaintiff long after the practice had been ruled as discriminatory.

42. The actions of defendants were done with malice and reckless indifference to Plaintiff's rights under Title VII. Defendants conduct warrants imposition and assessment of punitive damages in an amount sufficient to punish the defendants and deter others from engaging in similar conduct.

43. Plaintiff has no adequate remedy at law to secure total relief for the loss of employment opportunity, loss of benefits, loss of promotions for 30 years, loss of seniority and salary. Dr. Shah is employed for 32 years and was acting director of Rehab after three years at Long Beach General Hospital. Since Nov. 1981 he has been abused for 30 years because of his independent decision as an Arbitrator between State of California for Medical Program and Rancho Rehab Hospital in Downey. Plaintiff found, as State charged, poor or no medical care in 50% of patients of the Rancho Hospital. Because of no adequate remedy at law the Plaintiff is entitled to injunctive relief in addition to monetary damages. He is most senior and highly qualified rehab doctor for 20 years.

44. Plaintiff filed a charge of discrimination against defendants on November 15, 2007 with the EEOC. On August 27, 2008 Plaintiff received a notice of his right to bring this action which has been timely filed. A copy of the EEOC letter is attached as Exhibit A to this complaint.

**THIRD CLAIM FOR DISCRIMINATION UNDER AMERICAN WITH DISABILITIES ACT AGAINST ALL DEFENDANTS.**

45. Plaintiff realleges all prior allegations.

46. This action is brought pursuant to American with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq. to obtain relief for Dr. Shah for discrimination

and employment by defendants as a result of plaintiff's disability. Plaintiff alleges that defendants failed to consider Plaintiff's disability in assigning him tasks that were not within the tasks designated as appropriate for persons in Physician Specialist classification. The defendants in 1992 assigned Plaintiff tasks that were more suited for clerks. This was a discriminatory action that as determined by a ruling of the County Civil Service Commission in CSC 92-333. In March of 1994 the County agreed to abide by the decision and assign him tasks that were appropriate for his education, expertise and training. The County failed to abide by this contractual agreement.

47. Plaintiff went on TTD for knee surgery and when he returned he was forced to sign an illegal contract. The contract required plaintiff apply for privileges and while he was waiting they again used this as a pretextual reason to force him to work as a clerk and deny him the right to perform any rehab consultations or do other work that was authorized for a physician specialist. Once privileges were granted it became apparent that the contract was itself pretextual as Defendants failed in good faith to refer patients for rehab and pain consultation. In addition the referrals were not made with the accompanying work up that the defendants knew were necessary for the plaintiff to perform his work in a proper manner. These actions were part of a plan to discriminate and retaliate against a disabled person, Dr. Shah, and prevent him from using the medical skills that he had for the benefit of County medical patients.

48. Plaintiff seeks relief pursuant to 42 U.S. C. 12117(a) which incorporates the remedies set forth in Title 42, Section 2000e-59g) and (k). The actions of the defendants were deliberate and intentionally discriminatory because of defendant's disability all of which started in 1992 and continues to this day.

49 In the alternative the actions of defendants as set forth in this complaint were done pursuant to a policy or practice that has a discriminatory effect

against plaintiff as a disabled person. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S. C. Sec. 12111(8) because he cannot without reasonable accommodation perform the essential functions of his assignment. As part of the effort to discriminate against a disabled person, the defendants caused additional disability from assigning him tasks that were not within his classification as a Physician Specialist, specifically two additional work injuries that caused injury to his right hand, thumb and lower back.

50. As a further and proximate result of defendants discriminatory and retaliatory actions plaintiff has been damaged by the intangible loss of employment opportunities and was denied the ability to practice medicine for many years. As a further proximate result of defendant's unlawful and intentional actions the Plaintiff has been suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life and profession and emotional distress. These actions were done with malice and reckless indifference to the disability status of Dr. Shah and the effects of the discriminatory actions to deny plaintiff fair employment. Defendant's conduct warrants imposition of punitive damages to deter others from engaging in similar actions.

51. Plaintiff has no adequate remedy at law to secure relief for the loss of opportunity to use the training and expertise obtained after spending two decades and the knowledge could not be used for humane purpose. There is nothing more depressing for a medical doctor than to get training and experience and after being hired to serve poor people to be denied that opportunity or use of medical skills.

52. The charge against the defendants was timely filed with EEOC on November 15, 2007 and a notice of right to sue in 90 days was issued on August 27, 2008. A copy of this notice is attached hereto as Exhibit A. A similar charge was filed with the State of California Fair Employment Housing Dept. A right to sue letter was issued in November 2007.

**FOURTH CLAIM FOR VIOLATION OF CIVIL RIGHTS AGAINST ALL DEFENDANTS.**

53. Plaintiff realleges all prior allegations.

546. The defendants and the County were intended to silence Dr. Shah in complaining about quality of medical care given to County residents. They refused to process his complaints about discrimination and retaliation. The individual defendants agreed and conspired to deny him his civil rights, rights to a fair hearing and due process. These violations give rights to redress under 42 U.S.C. 1981 and 1983. These actions were a violation of his right to due process under the Fourteenth Amendments to the U.S. Constitution. Said actions were an unlawful interference with his rights to free speech under the First Amendment to the U.S. Constitution.

**FIFTH CLAIM FOR DEFAMATION AGAINST ALL DEFENDANTS.**

55. Plaintiff realleges all prior allegations.

56. During the last five years the defendants and each of them have intentionally libeled, defamed and injured the reputation and character of Plaintiff. Defendants have ignored requests for grievances and have refused to process complaints against for the County for discrimination and whistle blower complaints. Defendants have placed negative information in the personal files of plaintiff that detract from his standing in the medical community. The clear import of this false and defamatory statements were that the Plaintiff was making waves by protesting his assignment and substandard care data so he could not be trusted. He talks openly of cover up and fraud and opposes doing the job as a slave and complaining to all in DHS and Supervisors and JCAHO, State Medical Board, press so he should not be allowed any type of access to any data so he cannot attend any meetings wherein DHS compromises care. He is not reliable because he does go along with wrongful acts of DHS..

Wherefore, plaintiff prays for judgment as follows:

1. Back pay and prejudgment interest, benefits, compensatory damages of twenty million dollars and general damages of twenty million dollars.

2. For punitive damages in an amount of one hundred million which is appropriate to punish all defendants and deter others from engaging in similar misconduct.

3. For injunctive relief to make plaintiff whole for losses caused by violations of law by the defendants.

4. For costs of suit and reasonable attorney's fees and costs.

Plaintiff, JAYENDRA A. SHAH, M.D.

October 1, 2008

[signature]

Plaintiff Per Se

ATTACHED EXHIBITS:

A. NOTICE OF RIGHT TO SUE - EEOC
B. CONTRACT WITH COUNTY, OCTOBER 5, 2007
C. COPY OF PHYSICIAN SPECIALIST CLASSIFICATION
D. EXCERPT FROM CSC 92-333.
E. SELF EXPLANATORY DOCUMENTS.

EXHIBIT A

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

CERTIFIED MAIL
5048 5320

August 27, 2008

Dr. Jayendra A. Shah
2525 East Ocean Blvd.
Long Beach, CA 90803

Re: EBOC Charge Against Los Angeles County, Long Beach Comprehensive Health Center
No. 480200800894

Dear Dr. Shah:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Los Angeles District Office, EEOC
Los Angeles County, Long Beach Comprehensive Health Center

09 08 07:36a

EXHIBIT B

County of Los Angeles • Department of Health Services • Coastal Cluster Health Center

# Long Beach Comprehensive Health Center

1333 Chestnut Avenue Long Beach, CA 90813
(562) 599-8601 Fax # (562) 599-8358

Dennis Levin, M.D.
Medical Director

Miguel Ortiz-Marroquin
Chief Executive Officer

To: Dr. Jayendra Shah
From: Jeffrey T. Barbosa, M.D.

Re: Temporary work assignment

Dear Dr. Shah,

Pending you credentials approval at the Long Beach Comprehensive Health Center you will return to work with the temporary assignment of reviewing medical records for the Continuous quality improvement program.

This task should be completed for 6 hours a day with the expectation that a minimum of 30 charts will be reviewed daily utilizing standard Continuous quality improvement guidelines. Chart reviews will be collected weekly with workload monitored. Failure to meet minimum work productivity standards of 30 charts daily will result in disciplinary actions per Department of Health Service guidelines including reprimand, suspension, and or discharge. During Quality improvement chart review you may also identify patients who may benefit from physical medicine and rehab consultation. A log of patients should be maintained daily to assist in scheduling patients into your clinic at the end of the 60-day temporary work assignment.

You will also be expected to participate in standard facility committee meetings, which include the Bi-monthly medical staff meetings and the adult medicine and family medicine monthly Continuous Quality Improvement meetings when held.

For the remainder of your work day you may prepare for the beginning of your physical medicine and rehab clinic by continuing previous work on guidelines for common musculo-skeletal injuries, reviewing available medical journals, up to date website etc. for educational materials that can be used in clinic or current musculoskeletal guidelines that could be utilized in the LBCHC.

This temporary assignment will be for Sixty Calendar days (60) from the date of return to work until which time your receive your privileges to see patients at the Long Beach Comprehensive Health Center.

[signature] ~~10/4/07~~ 10/5/07
Dr. Jayendra Shah 10/5/2007

[signature] 10/5/07
Dr. Jeffrey Barbosa 10/5/07

[signature] 10/5/07
Yvette Ruiz 10/5/07

# EXHIBIT C

Los Angeles County
Department of Human Resources

## Class Specification: PHYSICIAN SPECIALIST, M.D.

DrSHAH Hired 2/18/76 Rehab MD

**ITEM NUMBER:** 5477

**APPROVAL DATE:** 06/29/2004

**DEFINITION:**
Incumbents in these positions are physicians licensed to render specialized professional medical services in a specific field.

**CLASSIFICATION STANDARDS:**
Positions allocable to this class report to a Chief Physician or Medical Director and provide specialized medical services which requires completion of an approved residency in an appropriate specialty. The Physician Specialist, M.D. performs the full range of professional level work including surgical procedures, examining, evaluating, diagnosing and treating patient illnesses, assessing signs and symptoms, reviewing laboratory and radiological data, and directing nurses, aides and others in the care and treatment of patients. The position is responsible for planning and directing health programs within an appropriate specialty and for training and/or assisting in the training of physicians assigned to intern or residency programs. Incumbents are required to exercise knowledge of departmental policies and procedures and to actively demonstrate skills typically associated with their specialty field(s).

*EXAMPLES OF DUTIES:*
Performs medical work in a specialized medical field, including specialized surgical procedures within a specialty field.

Prescribes drugs and/or therapy; monitors patients' progress, records observations and changes, and adjusts treatments as required.

Conducts training or assists in the training of interns and resident physicians.

Consults with staff physicians and para-medical personnel regarding care of patients and medical and diagnostic work performed.

Provides consultation to other medical services, including specialists in other fields.

Conducts the more difficult post mortem examinations and may provide training and lead man supervision over other physicians engaged in these activities.

Confers with medical and professional personnel in such related fields as toxicology in order to discover the main and contributing causes of death.

Certifies as to the cause of death and testifies in court as an expert witness.

Performs or assists in carrying out administrative responsibilities which may include such duties as budget preparation for the section, determining equipment and supply needs, carrying out personnel functions, or developing revising work procedures to expedite work load or improve level of service.

Assists in the planning and direction of health programs within the appropriate specialty.

Develops new techniques within the medical specialty.

Maintains varied hours on a rotated schedule with other physicians to ensure that there is always a physician on-call during non-business hours.

May conduct specialized research, special studies, and services, including preventive and educational strategies.

*MINIMUM REQUIREMENTS:*

**TRAINING AND EXPERIENCE:**
Completion of a residency approved by an American Specialty Board in one or more designated specialties* or equivalent training**.

**LICENSE:**
California State Physician and Surgeon's Certificate authorized by the Board of Medical Examiners of the State of California.

A valid California Class C Driver License or the ability to utilize an alternative method of transportation when needed to carry out job-related essential functions.

**PHYSICAL CLASS:**
3 - Moderate.

**SPECIALTY REQUIREMENTS:**
*Residencies may include:

Specialty Codes:
1 Preventive Medicine
2 Internal Medicine
3 Pediatrics
4 Dermatology
5 Emergency Medicine
6 Family Practice
7 Neurology
8 Physical Medicine and Rehabilitation
9 Psychiatry
10 Obstetrics and gynecology
11 Pathology

EXHIBIT D

the Appellant's availability without a cost to the hiring operation. That factor, in light of the tight fiscal constraints confronting all the County's medical facilities should have been a major selling point. Despite this, the offer was only extended to MLK, with no explanation as to why it was not extended to other facilities as an incentive.

Reasonable accommodation should be effective accommodation in that it provides the individual with the opportunity to achieve the same level of performance. The Department's efforts clearly fell short of this goal. Accommodation may entail a restructuring of a job, altering when or how certain job functions are performed, and reassignment to vacation positions, among other considerations. From the record it was evident that the Department only attempted the latter, and even then in a casual manner.

## II. REMEDY CONSIDERATIONS

In view of the foregoing conclusions about the first issue, there was the need to consider an appropriate remedy. It appeared that the Appellant was being paid over $90,000.00 per year to perform primarily clerical duties. While postings may exist for physician specialist positions, not all, if any, call for the Appellant's area of expertise. On the other hand, in view of the extensive listing of duties of a physician specialist, many of which the Appellant can perform without overstepping his physical restrictions, it is difficult to consider that some accommodation cannot take place. This could potentially entail a review of existing filled positions to determine if some of the work can be reassigned.

Rather than exploring specific options, a better solution appeared to be one which the parties may reach through combined efforts. The hearing record failed to provide any indication of joint discussions focusing on what was possible and what was desirable. All that existed appeared to have been an exchange, primarily consisting of writings which reflected claims and assertions by each of the parties. It is proposed, as a remedy, that the Appellant meet with placement personnel from each of the Department's facilities which



③ Caten will Review & Answer

meets his driving restriction in a separate meeting. These meetings are to be facilitated and coordinated by the Department. At each meeting the Appellant will be provided with information about all openings in that facility which may call for his background and expertise. The facilities' placement personnel shall provide at such meetings information about the specific skills and background needed to fill open positions. The Appellant shall then identify those positions for which he feels he may qualify, either as defined, or with some reasonable modification which he may propose. In the event he is not selected for any such position, or he cannot be accommodated as he proposed, he will be provided with a written statement, expressly setting forth the reasons why he was not selected or why he could not be accommodated. It would appear that if the Appellant otherwise qualified for any such position, the fact that an outside candidate might be "better" qualified would not be sufficient to deny the Appellant's selection.

In the interim, the Appellant should be reassigned so that he is no longer supervised by a nurse. In addition, unless there are significant reasons to the contrary, he should be allowed to participate in those committees which would permit him to share, and which would benefit from, his knowledge and expertise. Other appropriate assignments, consistent with this finding should also be considered and made as the need arises.

## FINDINGS OF FACTS

1. The Department assigned the Appellant tasks that were incompatible with his classification and expertise.
2. The Department did not undertake reasonable efforts to accommodate the Appellant.
3. The Department failed to demonstrate that it lacked the means by which it could accommodate the Appellant in light of his expertise and physical restrictions.

## CONCLUSIONS OF LAW

1. The Appellant met his initial burden of establishing that he had the necessary qualifications and abilities to perform tasks within his qualifications.
2. The Appellant met the burden of proving that he was not being provided with the opportunity to achieve the same level of performance as that which existed before his injuries.
3. The Appellant established that the Department was discriminating against him because of his physical restrictions.
4. The Department did not establish that it had reasonably attempted to accommodate the Appellant in light of his physical restrictions.

## RECOMMENDATION

In the matter of Commission File No. 92-333, the duly selected Hearing Officer recommends to the honorable Board of Civil Service Commissioners that the following order be approved and adopted:

> That the appeal of the Appellant Jayendra Shah, Physician Specialist, M.D. alleging discrimination against him in his assignment due to physical restrictions be sustained. That the appropriate remedy shall consist of those recommendations contained in the REMEDY CONSIDERATION sub-section of the DISCUSSION portion of the Hearing Officer's report and findings.

Respectfully submitted,

Michael Prihar
Hearing Officer

Date Filed: 7/26/93

12.92_333.fil

EXHIBIT E 1-7

6-(1)

# Long Beach General Hospital

August 23, 1979

TO: All Physicians
Medical Section Heads
Management Staff

FROM: Everett J. Carmody, M.D. EJC
Medical Director

SUBJECT: DIRECTIVE:
ASSIGNMENT OF DR. JAYENDRA SHAH

Dr. Shah, whose medical specialty is physiatry, is appointed Acting Chief of our Physical Medicine and Rehabilitation Services. In this position, the medical services of Physical, Occupational and Recreational Therapy will come under his overall direction. These therapy sections have long been without their own Medical Service Chief necessitating the respective Section Heads to report directly to Medical Administration, a procedure that is often not conducive to the enhancement or maintenance of a well organized and efficiently run service. Now with their own Director to work with and relate to, many former problem areas should be eliminated.

In addition to this assignment, Dr. Shah will be the Physician of Record for our Skilled Nursing Service.

This Directive is effective immediately and your cooperation with Dr. Shah, as he assumes this responsibility, is expected and appreciated.

EJC:jh

(Shah in 10/31/81) It was LACo facility Gen Hosp until 1984 - now LBG

C-2

**DELIVERD BY HAND:** January 08, 2008

by Dr. J. A. Shah – Phys Specialist employee # 106726

To: Director Dr. Lewin and Dr. Barbosa
LBCHC – Long Beach, Ca

Subject: Request to utilize by skills for improving quality of medical care. I am qualified, experienced, and expert by training so I request appropriate work assignment that reflects my training, work experience and job satisfaction.

Dear Sirs:

After working for three months with approval of medical privileges for one month, I am requesting the following.

1. Because of work related injuries and disability, I am requesting a work schedule of a work schedule reflecting a 4x10 work week. This will help for my accommodation of my restrictions. As you know, the County encourages and promote due to multiple advantage.
2. I am also requesting that I be put on the Continuous Quality Improvement Committee based on being an expert since 1980. I would like the ability to provide impute in improving the care to County residence. Could you please read LACO DHS Directors memo dated 3-25-94 which states that an agreement between me and DHS for order of Civil Service Commission Case No. 92-333. I now need the correct assignment, no retaliation or abuse for complaining to EOC, JCAHO, and State Medical Board of California. My meaningful input will help improve the quality of medical care for county residence and, as you know, I work for county residence. We all need to follow the laws of the State and land.
3. I need to visit and review the process of Rehabilitation Clinics in UCLA Harbor or Rancho Los Amigos or UCI and or VA Hospitals. I need to days to update current trends in our clinics.
4. We are starting clinic for musculo-skeletal, pain rehabilitation. We need work for selection of patients and training for support staff. Please write memo to providers for in house referral requirements. We need to work up the patient by providers and referral is for consultation by specialist. As per CSC 92-333 order I can not work in walk in clinic and I can not work as clerk, which I have been forced to due since October 2007. Due to the repetitive pattern of abuse and non compliance with CSC 92-333, the county residence are paying a heavy price by not receiving the benefits of my expertise in improving quality medical care .
5. As we do not have support staff in LBCHC for a rehabilitation clinic, it should be communicated to the Director of DHS that my work assignment be changed to UCLA Harbor- Torrance or Rancho Los Amigos Hospital- Downey.
6. LACO policy does not allow discrimination or retaliation in employment. Therefore employees in medical administration do not have the power to do so. It is illegal to be racist.

Sincerely, Dr. Jay Shah MD. FAAPMR, FAAPM, FAABS

PHONED. FXed DSHA

E 3

TO
DR CHARLES STEWART-MED DIRECTOR

RLANC-REHABHOSPITAL-DOWNEY
(EXCUSEFOR CAPS- READ MESSAGE)

FROM:
DR J A SHAH
POBOX 30130
LONGBEACH
DATE 4/17/08

SUBJECT- I NEED TO WORK AT RLANMC-AS SPECIALIST IN PMR-AND I WAS LAST ASSIGNED BY DHS DIR ORDER OF 3/25/94-REFCSC92-333 ALSO DR ANDERSON AND YOU KNOW OF INSUBORDINATIONOF ORDER &AGREEMENT - WE HAD WITH DHS AFTER LOSS BY CO- IN ADM HEARING *LBCHC IS NOT ADEQUATE TO ACCOMMODATE REHAB SPECIALIST FOR FULL TIME AS PER DR ANDERSON AND DUE TO FACT AS PER COUNTY CLASSIFICATION. ITS LONG ORDEAL FOR ME AND POOR PATIENTS WHO LOST LIVES AND LIMB-EYES AND KIDNEYS DUE TO POOR SUBSTANDARD QUALITY MED CARE AS WE KNOW BY OUR OWN INHOUSE QUALITY-DATAS AT YOUR PLACE- *YOU KNOW QUALITY IS COMPROMISED DAILY AND COVER UP IS YOUR DAILY CHORE AS ITS AT UCLA HBR AND LBCHC. THIS IS A DEMAND TO DO AS LACOUNTY POLICY DICTATES ON HIRING-ASSIGNING OF EMPLOYEES- AND DEVOID OF DISCRIMINATION – OR RETALIATION. YOUR ATTITUDE AND ACTION IS AGAINST POLICY AND MISSION OF LA COUNTY AS YOU MUST KNOW AND DR ANDERSON TOO LETTER PERMY ATTORNEY-BITE THE BULLET AND STOP RACIST ACTIONS (COPIES TO M HENRY,ACT DIR DHS ,LACOSUPERVISORS AND PRESS/WEB) SPECIALLY TO DR ANDERSON-FOR HIS APPROPRIATE ACTION IN DEPT 201 THERE IS NEED IN UCLA HBR FOR A REHAB SPECIALIST FOR LONG TIME

DEAR MED DIRECTOR
I LIKE TO HAVE YOUR ATTENTION TO FACTS
LAST I WORKED WAS IN RLAMC-DUE TO DHS DIR ORDER SEPT 96- SEPT 97. TODATE 3/25/94 ORDER IS NOT CANCELLED BY DIRECTOR OF DHS OR ANY AND AGREEMENT IS LEGAL-VALID AND LACO-YOU HAVE TO ANSWER YOUR FAILURE OR DHS FAILURE-WHO FAILED? I WAS PUSHED TO WORK AT LBCHC IN NOV 04-AFTERLONG DELAY FROM FEB98- TO NOV 04..YOU KNOWYOUR ROLL IN ISSUES ABOUT MY RIGHTS-PATIENTS RIGHTS-JCAHO- ST MED BOARD ACTION BY ACCUSSATIONS.
NOW WE ARE AT A NEW ERA-ACCOUNTABILITY IN PUBLIC SERVICES. NO AGENCY CAN SURVIVE BY COVER UP OF INCOMPETENCY OR FAILURE TO FOLLOW STATE AND FEDERAL LAWS
ANYHOW-ITS TIME YOUR REHAB HOSP TAKE A NOTICE OF DOING RIGHT-I KNOW RETALIATIONROOT CAUSE WAS MY EXPOSING SUBSTANDARD QUALITY OF MED CARE-ABSENCE OF CARE ETC TO STATE MEDICAL IN1979 AS I WAS ARBITRATOR WHEN STATE CHARGED RANCHO FOR FRAUD IN BILLING AND WRONGFUL BILLINGTO STATEFOR SERVICES NOT PROVIDED

AShah
Dr J.A.SHAH
562 4337720
562 43377

(E 4)

**Health Services**
LOS ANGELES COUNTY

Los Angeles County
Board of Supervisors

Gloria Molina
First District

Yvonne B. Burke
Second District

Zev Yaroslavsky
Third District

Don Knabe
Fourth District

Michael D. Antonovich
Fifth District

Bruce A. Chernof, MD
Director and Chief Medical Officer

John F. Schunhoff, Ph.D
Chief Deputy Director

Robert G. Splawn, MD
Senior Medical Director

**DHS HUMAN RESOURCES**
Recruitment and Examining Office
5555 Ferguson Drive
Suite 120-15
Commerce, CA 90022

Tel: (323) 890-7924
Fax: (323) 869-0942

www.ladhs.org

*To improve health through leadership, service, and education.*

www.ladhs.org

April 17, 2008

JAYENDRA A. SHAH
2525 E. OCEAN BLVD.
LONG BEACH, CA 90803

EXAMINATION RESULTS

Exam Title: CHIEF PHYSICIAN I, MD/ VARIOUS SPECIALITIES
Exam No: Y5479B Final Score: 100.00

This is a notice of your standing in the examination noted above. THIS IS NOT AN OFFER OF EMPLOYMENT.

The names of passing candidates will be placed on an eligible list in GROUPS according to their final scores.

| Final Score | Group |
|---|---|
| 100.01 - 110.00 | Veteran |
| 94.50 - 100.00 | 1 |
| 88.50 - 94.49 | 2 |
| 82.50 - 88.49 | 3 |
| 76.50 - 82.49 | 4 |
| 70.00 - 76.49 | 5 |

Your opportunity for appointment cannot be predicted at this time. It depends on the number of vacancies, the group or band you are in, and the use of management's discretion to appoint any eligible within a group or band from which appointments can be made. Your name will expire from the above examination on 10/16/2008.

Please notify us immediately if you are not interested in appointment from this list or if you change your address or telephone number. The number to call is (323) 890-7924.

REVIEW INFORMATION:

Your test materials and the rating standards (if any) for this examination may be reviewed **by appointment only** Monday through Friday, from 8:30 a.m. to 11:30 a.m. at the 5555 Ferguson Drive, Suite, 200-01, City of Commerce, CA 90022 . Please present this notice with your I.D. within ten business days from the postmark date on the envelope in which this notice was mailed. Some examination materials may not be subject to review.

If you can show that an error was made in determining your eligibility or in the assignment of your score in this examination, you may file an appeal with the Department of Human Resources. The appeal must be in writing and provide specific facts and information which demonstrate where an error occurred. Any appeal that fails to contain such information will be denied as insufficient. The appeal must be received at the County of Los Angeles, Department of Human Resources - Appeals, 3333 Wilshire Boulevard, Suite 1000., Los Angeles, CA 90010 within ten business days from the postmark date on the envelope in which this notice was mailed.

If you have any questions regarding this action, you may contact Dolly Batungbacal, Exam Analyst, at (323) 890-8684, between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday.

Thank you for your interest in this position.

# Honorable Discharge

DEPARTMENT OF THE AIR FORCE · UNITED STATES OF AMERICA ·

from the Armed Forces of the United States of America

*This is to certify that*

JAYENDRA A SHAH 135549432 MAJ USAFR

*was Honorably Discharged from the*

# United States Air Force

*on the* 9TH *day of* JANUARY 1977 *This certificate is awarded as a testimonial of Honest and Faithful Service*

[signature]

Commander

DD FORM 1 NOV 51 256 AF

THIS IS AN IMPORTANT RECORD — SAFEGUARD IT!

AMBULATORY SERVICES DEPARTMENT OF HEALTH SERVICES

(PREPARE IN DUPLICATE)

To Service of PMR/Pain Dr Shah From Service of Dr

Tentative Working Diagnosis

Nature and Purpose of Examination

Remarks

Date

CONSULTATION Dr Jay SHAH

11 AM 4/14/08
Date

Pt have next appt July.
(S) multiple joint pain - knees Lt>Rt elbow Rt neck 7/10 many medical
lowback c/o occasional [illegible] gastritis [illegible] Dizzi
[illegible] No work. Medicine for pain & spasm. 63 yrs 4'11 inch. 144 lb
(O) NAD [illegible] mild [illegible] on knees (2004) L spine DJD
H/o fall 4 days ago. No X rays on knees. swollen finger
Smoke 10/day. Eat lot [illegible] overweight. Crepitation Rt [illegible]
Swollen Lt (Bruises) knee. H/o operation Hysterectomy
Pt can walk now [illegible] 3 days. Amb slow functional [illegible]
2 children
posture Rt SHT. Trap spasm. Lordosis ++ Ind obesity ++ Kyphosis
SLR 60 Lt, 70 Rt. Fabers Rt -30 Lt 20. Elbow ROM. Neck ROM. Use [illegible]
knees ROM [illegible] scoliosis mild. Pt understands all exercise [illegible]
A) Bil knees pain, Rt trauma 3 days (2) Rt Th lumb scolios (3) bil elbow (4) DJD L spine - cerv spine (5) obesity (6) smoker
P) (1) Xray knees (2) 1500 C diet (3) [illegible]
20 min exercise knees, neck, back, shoulder [illegible] 3x daily (4) cont medicines food (5) see [illegible] MD
Dr Shah

CONSULTATION REQUEST AND REPORT

Dr SHAH

MARTINEZ Alexandra
082 42-45
8/20/44 F 63

Case No. ____ E6

COUNTY OF LOS ANGELES
OFFICE OF AFFIRMATIVE ACTION COMPLIANCE

FX 213613 2258/213 5800014

# DISCRIMINATION COMPLAINT FORM

IN PAST /FILED CASES IN ((93-94.96-97-no response from your office in writing))

PLEASE PRINT OR TYPE

| | |
|---|---|
| YOUR NAME: DR JAYENDRA A SHAH MD,FAAPMR,FAAPM,FABS | YOUR JOB TITLE: PHYS.SPECIALIST |
| YOUR DEPARTMENT: 201-dhs-laco--lbchc work location | EMPLOYEE NO: 106726 st dt-2/18/76 |
| ADDRESS: 2525 e ocean blvsd long beach ca 90803 | |
| TELEPHONE NO.: Work (562) 433-7208 / no phone -but call 562 599 86357 cell 562 279 3817 | Home (562 433 7208 |
| I prefer to be contacted by telephone at: Home ☐ | Work ☒ |
| Please indicate the most convenient time(s) and day(s) to reach you: Time(s) 9-12 am or 2-5 pm at work5998635 | Day(s) mon-friday |

## I WISH TO COMPLAIN AGAINST:

(562) 5998635

NAME OF PERSON(S) YOU ARE COMPLAINING ABOUT:
1-drj.burbosa ..act asst dir 2- dr levin- director lbchc-lb ca

THEIR JOB TITLE(S):
asstnt director 2-dr L is director

1. I believe that I was discriminated against because of: (race, sex, age, disability, religion, national origin, color, retaliation, etc.)
i am forced to work -unfair assignment-again as clerk with pretextual reason against cscomm standing decision-order- employ shah appropriately-no clerk job

2. This discrimination resulted in the following unfair treatment: (discharge, denial of promotion, harassment, etc.) (a)-review 50% more load -of 30 charts--no promotion
(b)-injured worker assignment -inappropriate-as per csc 92-333 order. retaliation for complaining for correct work assignment as classified qualified and as expert in cqi work and other administrative duties
its demotion-as demeaning work- no participation in improving our substandard m quality care. depressing to look-at ongoing poor -compliances to our need to give good med care.not a meaningful job-work.forced to signillegal contract before assignment- delayed for two weeks by excuses -need 4 times med certific available on 20th sept 07 -return to work-after wcab -care-but took on10/5/07 **i need no more repeated abusive treatrment from dhs-laco-its illegal-

3. Date discrimination occurred: its ongoing since prior work in nov2004-to aug 2005- nov 05-retaliatory perform eval.in nov 05 for 7 grievances of march 05.
now since 11/5/07-as no one listens-no chance of improving quality med care same work-datas-failure rates 50% fromcriteriasof care.all suggestions ignored
work i do daily for 8 hours is 98% done in dhs-by clerks. dont judge me as clerk- i have seniority-qualification-hired as classified.3 fellowships.Boardsin usa

4. Why do you believe the unfair treatment you described was discrimination?

(i must ask you to investigate-dont waste time- no response in past means -coverup. delay in response is illegal too.) pl read pages of my csc 92-333case -(attached -it proved by admin order-dr shah as injured employee was discriminated in assignment-remedy given.too.no one cares on implementing- its absurd to say-we dont discriminate-i am getting harassment-retaliation and no one in dhs seems accountable. even it seems laco supervisors are bigots-help in cover up- discriminate minority mds or employees. cscomm orders are openly ignored.its a crime. i joined as classified with qualification and i am expert so csc order state remedy to use me in meaningful work .to injured employe i must have work assignment other than review of charts. uapd-stated-its illegal too for a employee to sign-forced to sign- when he returns from work injury. available but delayed start date by 2 weeks-alfare persecutory acts.

we have a rouge -racist superiors in dhs who just act as -no one canask them-act as dictator-no laws need of accountability them, no who can stop them?

Please attach a separate sheet, if necessary. attached orders-remedies-if you have power please try to enforce it -pl call med dir in h/q Dr Bruce Chernoff.

5. What is your desired remedy? MR GRAY DHS

a-follow 3/25/94 order of director as it was settlement agreement by union 660.

i need proper non clerical work- computer training-access to datas to improve quality med care-run a speciality clinic of rehab/pain/ be supervisor as ordere

6. List the names, job titles and telephone numbers (if possible) of witnesses, co-workers or others you feel could provide evidence. Qualifi per classifica * this is not a case -usual type- no telephone- sharing room with nurse-in small nowindow room.review charts -repeatedly look substandard med care .

On a separate sheet, please explain what you think each witness will be able to tell us.

| Name | Title | Telephone Number |
|---|---|---|

records exist. now issue is repeated pattern of discrimination-retaliation

pl dont waste time. response needed in 4 weeks from your office

you can say-you have no power as cscommissi0on told repeatedly since 93-94-97-2005

pl find records on cases- framing-fabrication or intimidation have gone too long by abusive dhs superiors.

they have no right to discriminate but rouge racist can work without fear in dhs-as no accountability. corrupt laco supervisors act as royalty -too long in power too.

7. EMPLOYMENT DATA:

A. Date hired or applied for job:

2/18/1976- phys specialist classification-duties described-pl read

B. Your job title at time of discrimination: amer bd in pmr in 1981.certified.more in pain care

phys specialist -same grade since 79- no medical real work

C. Name and title of your immediate supervisor:

dr j barbosa-director & dr levin

D. Who is your of department's Affirmative Action Coordinator?

DR M SHAW_ UCLA HBR_(SHE JUST SAID TO CALL YOU _FILL FORM)

8. Have you attempted to resolve your problem by discussing the matter with someone in management?

Yes ☒ No ☐

If yes, provide the name and title of the person(s) and state what happened: (POSSIBLE AS FEDERAL CASE IN LA
DR BARBOSA_ DR LEVIN WILL NOT EVEN TALK_MEET FOR PAST DISCRIMINATIONLRETALIATION ECON TRIAL IN JUNE 2008-jury trial)

9. Have you filed this complaint with the Equal Employment Opportunity Commission or Department of Fair Employment and Housing?

Yes ☒ Date: nov 15th 07 -due to your failure to respond in time in past No ☐
i waited to resolve-no one care so grievance filed too in lbchc,

10. Do you have an attorney concerning this complaint?

Yes ☐ No ☒ not for current retaliation but will have one in a month
i like to see-what you can do? what csc can do ?and what eeoc can do in time ?

11. Personal Data - Please provide this information for statistical purposes:

Sex: Female ☐ Male ☒

Race/ Ethnicity: White ☐ American Indian ☐ Black ☐ Other ☒ east indian
Asian & Pacific Islander ☐ Hispanic ☐ Filipino ☐

I declare that the above statements are true to the best of my knowledge.

DR J A SHAH MD FAAPMR FAAPM FABS NOV 28th 2007 11/28/07

Signature Date

RETURN TO:

County of Los Angeles
Office of Affirmative Action Compliance
500 West Temple Street, Room 780
Los Angeles, CA 90012-2700

For Office Use Only:

Received by: ______________________ Date: ______________________

Revised 6/21/2007

213 6802450 FX
213 974 2355 PH Miss Rhonda Forman
(E7)

WHISTLEBLOWER RETALIATION COMPLAINT — FOR LA County

EMPLOYEES NAME—DR JAYENDRA A SHAH MD, FAAPMR,FAAPM ,FABS
CLASSIFICATION- PHYS .. SPECIALIST-L A COUNTY D H S DEPT 201
WORK ADDRESS- 1333 CHESTNUT AVEN. LONG BEACH CA 90813
HOME ADDRESS-2525 E OCEAN BLVD LONG BEACH CA 90803PH 5624337208
FX 5624337799 CELL 5622793817 EM-JAYSHAHFIA@YAHOO.COM
***PLEASE EXCUSE MY CAPS AND TELEGRAPHIC LANGUAGE-SPECIFIC..

NATURE OF COMPLAINTS-----
ITS ONGOING FOR LONG,BUT TS CURRENT TOO-( I AM FACING SEVERE FORMS OF RETALIATIONS IN MY EMPLOYEMENT AS MD-PHYS SPECIALIST AT LONG BEACHCHCENTRE & IN ALL FACILITIES INCLUDING RANCHO L A MED CENTRE HOSPITALDOWNEY,UCLAHBRIN CARSON &BY LARGE FROM LACOUNTY DHS-) AT 1333 CHESTNUT AVEN LONG BEACH CA 90813,,FOR REPORTING- ONGOING SUBSTANDARD QUALITY OF MEDICAL CARE TO PATIENTS OF COUNTY CLINICS AND HOSPITALS--AS I AM REPEATEDLY FORCED TOWORK LIKE CLERK- REVIEW CHARTS ONLY AS SPECIALIST- -ONLY ONE WORKING 8 HOURS A DAY -DAILY FOR MONTHS-YEARS- AGAINST MY DESIRE- AND AGAINST MY WINNING AT CSCOMM HEARING –FOR DISCRIMINATION-AS INJURED EMPLOYEE AT WORK-BEING ETHICAL WITH HIGH MORAL AND FOR PROTECTING PATIENTS RIGHTS FOR BEST QUALITY MED CARE. I AM PUTTING MY NECK OUT FOR CONSUMERS RIGHTS AS LACO DHS –COVER UP SUBSTANDARD QUALITY OF MED CARE.

Shah Prevailed 92-333 CSC

94-95-96-97
I DID REQUESTED HELP FROM JCAHO-AND STATE MED BOARD –BUT I FACED MORE VICIOUS RETALIATIONS-HARASSMENT-INTIMIDATION-NIGHTMARES AS I WAS FORCIBLY SILENCED AS COMPLAINER BY DISCREDITING ME. I Lost License Sept 30 1997

I AM MOST SENIOR REHAB MD WITH MAXIMUM EXPERIENCE- MAXIMUM FELLOWSHIPS-MAX SENIORITY AND EXPERT IN ININPROVING QUALITY OF MED CARE---SETTING STANDARDS OF MED CARE- BUT TITLE IS ON PAPER ONLY FOR 15 YEARS AND I AM USED AS CLERK EVEN NOW IN OCT-NOV 2007 AT LBCHC ..

**LAST I EXAMINE A PATIENT FOR REHAB MED WAS IN 1981 OCT-AS I WAS ACTING DIRECTOR AT LB GEN HOSPITAL LB CA-A LACO DHS HOSPITAL FROM JUNE 79 TO OCT 81.-**--SINCE1992-. BIGOTRY-FABRICATED CHARGES AND FRAMING- DISCREDITING-FALSIFICATION ETC ALL WITH INTIMIDATION OCCOURED ..*** IT SEEMS TO GET JUSTICE FOR MY RIGHTS AND POOR CONSUMERS RIGHT –I NEED TO BE A WHISTLE BLOWER
I AM FACING SEVERE VICIOUS RETALIATIONS FOR LONG AND EVEN NOW AS I FACED IN MAY 92-SEPT 97, AND 2004-2005 AND NOW IN 2007. — oct-07 →
Nov Aug

Root Cause

BECAUSE I WAS ARBITRATOR WHEN I WAS ACTING REHAB DIR AT LBGHOSP-LB—IN 1979-80 BETWEEN STATE OF CALIF-MEDICAL PROGRAMME AND RANCHO LOS AMIG REHAB HOSPITAL- AND I REVIEWED 850 CHARTS-MED RECORDS FOR 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

Dr. Jayendra A. Shah

**DEFENDANTS**

County of Los Angeles, Et al.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

2525 E. Ocean Blvd. tel. 562-433-7208
Long Beach, CA 90803

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Emplyment discrimination and retaliation 42 USC 2000e, ADA 12117(a), 1981

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 445 American with Disabilities - Employment
- ☒ 446 American with Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☒ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV08-6499

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date ~~9/30/08~~ 10/1/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV08- 6499 SVW (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

JAYENDRA A. SHAH, M.D.
2525 E. OCEAN BLVD.
LONG BEACH, CA 90803
562-279-3817, 562-433-7208

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JAYENDRA A. SHAH

PLAINTIFF(S)

v.

COUNTY OF LOS ANGELES,
(See attached)

DEFENDANT(S).

CASE NUMBER

CV08 -6499 SVW (JCx)

**SUMMONS**

TO: DEFENDANT(S): COUNTY OF LOS ANGELES, ET AL.

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, JAYENDRA A. SHAH, whose address is 2525 E. OCEAN BLVD., LONG BEACH, CA 90803. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 10/2/08

By: ______________________
Deputy Clerk

SEAL

*(Seal of the Court)*

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

LOS ANGELES COUNTY DEPT. HEALTH SERVICES,
CHARLES STEWART, STEPHEN MORRIS,
LOS ANGELES COUNTY SUPERVISORS MR DON KNABE,
MR MICHAEL ANTONOVITCH, MS GLORIA MOLINA,
MS YVONNE B., BURKE, MR ZEV YAROSLAVSKY,
DR. BRUCE A CHERNOFF-CHIEF MED OFFICER OF
LA COUNTY DHS DR JOHN SCHUNHOFF, DR SWAN,
CMO, LOS ANGELES COUNTY, DR. GAIL ANDERSON,
DR. DENNIS LEVIN, DR. JEFFREY BARBOSA, MR.
MICHAEL HENRY MR MIGUEL ORTIZ, MS MICHELLE
MORGAN, MS. RHONDA FERNANDEZ, CEO MR.
WILLIAM. T. FUJIOKA.

DEFENDANTS