UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 01/13/2010)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 29, 2010, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

In 1992, plaintiff Jayendra A. Shah, M.D., a psychiatrist, filed a complaint for discrimination with the County Civil Service Commission ("the CSC"), alleging that the County failed to give him appropriate assignments. The CSC issued Order No. 92-333 ("CSC 92-333") finding that there was clear evidence that plaintiff was not being utilized properly according to his qualifications and recommended that the County meet in good faith with plaintiff to reach a resolution, which would permit plaintiff to perform work appropriate for his background and expertise, and which would accommodate his disability. On October 5, 1994, plaintiff filed a petition for writ of mandamus in Los Angeles County Superior Court, arguing that the County had failed to implement CSC 92-333. Shah v. County of L.A., et al., Case No.S062316. The trial court denied plaintiff's petition, and the California Court of Appeal held that the trial court had "overwhelming" evidence to support its decision that the County had attempted "to find an assignment for plaintiff in his field of specialty at a facility near his residence." Shah v. County of L.A., et al., Case No. B099822 (Cal. Ct. App. May 14, 1997) at 3-6. Thereafter, in 1997, plaintiff filed suit against the County and various County officials in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

the United States District Court for the Central District of California alleging claims for race and disability discrimination in violation of Title VII and the ADA. Shah, M.D. v. L.A. County, et al., Case. No. CV 97-00690 (WBB). The district court dismissed his case, and the Ninth Circuit affirmed, finding that the district court properly dismissed plaintiff's claims as barred by (1) the doctrine of res judicata; (2) the failure to exhaust administrative remedies; and/or (3) plaintiff's failure to set forth evidence suggesting a discriminatory motive. Shah, M.D. v. L.A. County, et al., Case. No. 97-56963, 1998 U.S. App. LEXIS 32001, at *2-5 (9th Cir. Aug. 20, 1998).

On October 24, 2002, plaintiff filed a complaint in Los Angeles Superior Court against the County of Los Angeles alleging discrimination, violation of civil rights, and violation of the Americans with Disabilities Act (ADA). Shah v. County of L.A., et al., Case No. BC284031. A judgment of dismissal was entered after the Superior Court sustained the County's demurrer without leave to amend and the California Court of Appeal affirmed judgment in favor of defendants. Shah v. County of L.A., et al., Case. No. B172745, 2005 Cal. App. Unpub. LEXIS 1822, at *2-3 (March 2, 2005) at *4, 23. On November 21, 2006, plaintiff filed a complaint in this Court against, among other individuals and entities, the County of Los Angeles (Case No.: CV-06 7446 CAS (CWx)). On December 26, 2007, following three motions to dismiss, plaintiff filed his Third Amended Complaint alleging (1) breach of contract; (2) discrimination and retaliation; (3) violation of civil rights; (4) violation of civil rights relating to limitations on free speech; and (5) violation of civil rights by discriminating treatment in the workplace. On July 1, 2008, following some discovery, this Court granted defendants' motion for summary judgment. The Court ultimately awarded the County attorneys' fees and on August 20, 2008, plaintiff filed an appeal, which is still pending.

On October 1, 2008, plaintiff filed the present action against the County alleging (1) breach of contract; (2) employment discrimination and retaliation; (3) violation of ADA; (4) violation of civil rights; and (5) defamation.[1] On December 7, 2009, in

---

[1] The operative complaint is against several defendants including the County of Los Angeles. The County contends that they were erroneously sued as Los Angeles County Dept. of Health Services. Other defendants include: Los Angeles County Supervisors Don Knabe, Zev Yaroslavsky, Gloria Molina and Michael Antonovitch (in their official capacities); and County employees Dennis Levin M.D.; Jeffrey Barbosa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

accordance with Fed. R. Civ. P. 15(a)(1), plaintiff filed a First Amended Complaint (FAC) alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 and violation of the ADA under 42 U.S.C. § 12101, which rendered defendants' previously filed motions to dismiss the initial complaint moot.[2]  On November 20, 2009, the County moved for an order declaring plaintiff a vexatious litigant, which was denied by the Honorable Stephen V. Wilson on December 16, 2009.  On January 13, 2010, defendants filed the present motion to dismiss plaintiff's FAC on the following grounds: plaintiff's claims are barred by principles of res judicata; plaintiff fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2); and plaintiff's claims fail to identify any custom, policy or practice submitting the County to municipal liability.  On March 3, 2010, plaintiff filed his opposition to defendants' motion to dismiss the FAC.  On March 5, 2010, defendants filed their reply and a notice of related case, pursuant to Local Rule 83-1.3.  On March 15, 2010, this action was properly reassigned to this Court as a related case to plaintiff's 2006 suit against the County.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.   BACKGROUND**

Plaintiff alleges that, since at least 1992, he has been a vocal critic of the County's medical practices and has suffered discrimination by the County in his employment as a doctor because of this criticism.  FAC ¶ 8.  Plaintiff alleges that "in 1992 he obtained a favorable ruling against the County in a civil service commission hearing for discrimination against him ("CSC 92-333") . . . that ruled (1) the County had the resources to use his qualification and expertise as a doctor; (2) the County could not use him as a clerk as per his classification."  Id. ¶ 17.  Plaintiff alleges that CSC 92-333 was

---

M.D.; Gail Anderson M.D. (in their official and individual capacities).

[2] Plaintiff alleges that each defendant "violated the constitutional and civil rights of plaintiff, in particular[:] (1) plaintiff's right under the Petition Clause of the First Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment; (2) plaintiff's right under the Equal Protection Clause and in taking such action defendants intentionally discriminated against plaintiff which they have not done against similarly situated individuals; and (3) the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution."  FAC ¶ 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

still in effect during the course of the allegations of this lawsuit. Id.

      Plaintiff further alleges that he was off of work from August 22, 2005, to September 19, 2007, as a result of an injury he sustained at his County job which caused him total temporary disability and required bilateral total knee replacement surgeries. Id. ¶ 14. Plaintiff alleges that when he returned to work in October 2007, County employees Barbosa and Levin, as direct supervisors of plaintiff at the Long Beach Community Health Center, threatened that he would lose his job if he did not get clinical privileges. Id. ¶ 15. However, plaintiff alleges that "under the county classification as a physician specialist, plaintiff's duties would include teaching, supervising, training and research—none of which require clinical privileges." Id. ¶ 16. Plaintiff further alleges that, despite Dr. Daniel Capen's opinion, who was plaintiff's worker's compensation doctor, that there was no medical conditions in 2007-2008 that prevented or restricted plaintiff from performing the duties of a physician specialist—defendants forced plaintiff to sign a contract which required him to work as a clerk rather than the duties specified in the classification. Id. ¶ 18. Plaintiff alleges that he worked as a clerk from October 5, 2007 to April 21, 2008 and that the position included 50% more work, in an unsafe small storage space where plaintiff was not provided a desk, and which resulted in two additional injuries to plaintiff causing him to be placed on worker's compensation disability.[3] Id. ¶¶ 19-20. Plaintiff further alleges that during this time period he "was not allowed to attend main committees hearings of continuous quality improvement, despite his extensive expertise in the area for over 30 years, and was not referred sufficient patients to consult or examine after he did obtain his clinical privileges on December 6, 2007." Id. ¶ 21. Plaintiff alleges that defendants' actions constituted discrimination against a disabled person, specifically condemned and in violation of CSC 92-333, because defendants refused to use plaintiff for any other task or work, for which he was highly qualified such as teaching, training, supervising and research. Id. ¶ 22. Specifically, plaintiff alleges that Anderson and Levin, medical administrators of UCLA Harbor Hospital in Torrance, CA, refused to allow plaintiff to be assigned to this facility, which had equipment and additional personnel to support the work of a rehab specialist

---

      [3] Plaintiff alleges that the two new work injuries "resulted from repetitive turning of 800 pages or more per day by his right thumb and hand and repeated turning, twisting, blending and lifting frequently the medical charts weighing 5-10 lbs. from the trolleys, resulting in acute lower back injury." FAC ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

such as plaintiff.  Id. ¶¶ 6, 23.

    Plaintiff further alleges that he has filed numerous formal grievances with the County, in accordance with County rules, over such employment practices, but the County has failed to provide plaintiff an opportunity to be heard.  Id. ¶ 24.  Also, plaintiff alleges that in 2008 he ran for the County Board of Supervisors against Knabe and "informed the public of the substandard County medical care that he believed that he could improve as an elected County official."  Id. ¶ 25.  Plaintiff alleges that during the course of the campaign, Knabe personally met with plaintiff and urged him not to run and that, while plaintiff lost the election, he did garner more than 10,000 votes.  Id.

    Moreover, plaintiff alleges that on January 27, 2009, "a mediation was held in the Ninth's Circuit courthouse between plaintiff and various county representatives, including the Office of County Counsel and Counsel for the County parties, regarding the [2006] case and appeal."  Id. ¶ 26.  Plaintiff alleges that a written settlement and release agreement was entered into whereby plaintiff was to receive $100,000, the County agreed to waive payment of any and all outstanding judgments and orders against plaintiff, and plaintiff agreed to resign and retire from employment with the County effective at 5pm on March 30, 2009 or at 5pm on the day he received the settlement payment, whichever occurred first.  Id. ¶¶ 27-29.  Plaintiff alleges that, in compliance with the agreement, he detrimentally relied upon defendants' representations that approval of the agreement by the Board of Supervisors was a mere formality.  Id. ¶ 30.  Plaintiff alleges that defendants misrepresented to him that the approval hearing before the Board could not be scheduled before March 30, 2009, and that subsequent to plaintiff's retirement the board rejected the agreement.  Id. ¶¶ 31-32  Plaintiff alleges that the County has refused to reinstate him in his employment position as a doctor with full privileges and back pay and that the board "regularly approves such agreements with other similarly situated litigants and [that] such actions were irrational and arbitrary."  Id. ¶ 32.

    Plaintiff further alleges that his "claim for damages in this action are specifically only for damages that accrued after the [2006] federal case . . . as a result of the actions taken by the defendants in 2007-2009 in retaliation of his litigating the [2006] case and in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

running for seat on the County board."[4]  Id. ¶ 33.

### III.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988.

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

---

[4] Plaintiff alleges that he has "set forth the prior allegations to this action, not in an attempt to relitigate such matters which are pending on appeal, but as the historical background to this litigation which is interpretive of a policy of retaliation and discrimination."  FAC ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.  DISCUSSION**

    **A.  Res Judicata**

Under California law, res judicata has a "double aspect." 7 Bernard E. Witkin, California Procedure § 281 (4th ed. 2004); People v. Barragan, 32 Cal. 4th 236, 252 (2004). In its primary aspect, also known as claim preclusion, a prior judgment is a complete bar on a new suit between the same parties on the same claim or cause of action; in its secondary aspect, also known as collateral estoppel, the prior judgment is not a complete bar to a new suit on a different cause of action. The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Barragan, 32 Cal. 4th at 253.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

In determining whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action . . . . Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted). See also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 (1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right."); Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (1992) ("In determining the primary right, 'the significant factor is the harm suffered.'").

Defendants argue that plaintiff's claims are barred by res judicata because his two previously filed lawsuits, one in 2002 and the other in 2006, allege almost identical facts and were found in favor the County. Mot. at 9. Defendants contend that "there was a final decision on the merits as of July 1, 2008, that disposed of the entire matter relating to those remaining allegations contained in plaintiff's Third Amended Complaint. There can, therefore, be no doubt that any allegation related to wrongdoing prior to and described within the December 27, 2007 Third Amended Complaint, and for that matter, anything as of July 1, 2008 is barred by the doctrine of res judicata." Id. at 10. Defendants further argue that the 2006 case and this case present identical allegations: following plaintiff's return from disabled status in 2007 plaintiff was forced to sign a contract which required him to perform clerical duties; plaintiff was forced to work in a small storage space which he shared with another clerk and was not provided a desk; plaintiff was not allowed to attend main committee hearings of continuous quality improvement despite his extensive expertise in the area for over 30 years; and "discrimination and retaliation claims alleging that plaintiff was targeted in part for speaking out for patient's rights . . . [including] impermissible work assignments given to him and other forms of discrimination such as curtailing of plaintiff's First Amendment Rights." Id. at 10-11. Accordingly, defendants contend that plaintiff should not be permitted to proceed in this matter because he is "merely recycling the same claims and issues and thus forcing defendants to go through the needless expenditure of time and money defending these repetitive actions." Id. at 11.

Plaintiff's only opposition to defendants' res judicata argument is that "regardless of the nature of the time barred litigation claims regarding the implementation of CSC 92-333 prior to the present claims for post 2007 discrimination and retaliation, CSC 92-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

333 constitutes a property interest protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution." Opp'n at 4-5.

Defendants reply by making similar arguments to those presented in their moving papers. Specifically, defendants argue that to the extent plaintiff's opposition fails to address why the same "post 2007" allegations in plaintiff's previous suit are not barred by res judicata, these claims must be dismissed from the present action. Reply at 3-4.

The Court finds that the claims in plaintiff's FAC, to the extent that they arise from conduct that predates the January 15, 2008 cut-off for leave to file amended pleadings in plaintiff's prior lawsuit previously decided by this Court, are barred by the doctrine of res judicata because such claims are founded on allegations which are identical to those alleged in the prior lawsuit, or which could have been alleged at that time. See CV 06-7446 (CAS), Doc. No. 86. Namely, plaintiff's claims regarding the violation of his civil rights based on the allegations relating to his clerical duties and/or defendants' violation of the ADA.

### B. Sufficiency of Plaintiff's Claims

Defendants argue that, assuming the doctrine of res judicata does in fact apply to the instant action, the only new allegations that may have taken place after plaintiff's previous lawsuit, and which address events that are contained in the current action, are insufficient to give defendants fair notice of the claims being made against them. Mot. at 12. Defendants contend that plaintiff has not met Rule 8 pleading requirements because he "offers nothing but vague references to violations of civil rights while interspersing them catch phrases and buzz words." Id. at 11-12 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Defendants further argue that plaintiff fails to state a claim for which relief may be granted against the County because a municipality may only be held liable under §1983 when the municipality itself inflicts an injury through a policy, custom or practice, or lack thereof, and that plaintiff here has failed to identify any such policy, custom or practice or how the municipal action was taken with the requisite degree of culpability. Id. at 12 (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694.

Moreover, defendants contend that plaintiff's §1983 claim for violation of his civil rights is insufficient because: "plaintiff fails to identify any discriminatory motive to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

support his claims, plaintiff fails to identify any constitutionally protected property rights, adequate post-deprivation remedies existed, and defendants Anderson, Levin and Barbosa enjoy qualified immunity. Id. at 13. First, defendants argue that plaintiff's claim regarding deprivation of his right to petition under the First Amendment fails to identify any discriminatory motive because the two adverse employment actions plaintiff complains of—his assignment of clerical duties and the Board rejection of the settlement—do not show any discriminatory intent, as required under 42 U.S.C. § 1983 jurisprudence, because they were reasonably based on the circumstances and not based on retaliation.[5] Id. at 14-15 (citing Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991)). Second, defendants argue that plaintiff's claim for violation of substantive and procedural due process fails because plaintiff has not identified any substantive right entitling him to due process and because plaintiff has not identified any required procedural considerations which were not afforded to him.[6] Id. at 16-18. Third, defendants contend that, even assuming a deprivation of plaintiff's substantive and procedural due process rights occurred, adequate post-deprivation remedies exist because the settlement agreement allowed plaintiff to continue his employment if the agreement was not complied with and plaintiff admits to being able to see patients again after successfully reacquiring his clinical privileges. Id. at 19. Fourth,

---

[5] Defendants contend that plaintiff's allegation as to being given clerical duties was reasonable and not out of retaliation because "plaintiff's own complaint shows that he was recently returning from a lengthy period of disability, did not have any clinical privileges, and thus could not perform the duties of a rehab specialist." Mot. at 15. With regard to plaintiff's claims that the Board rejected the settlement in retaliation, defendants argue that plaintiff utterly fails to show his bargaining position so as to justify a $100,000 payment given that "plaintiff's prior claims were summarily adjudicated against him and plaintiff was ordered to pay over $160,000 in attorney's fees." Id.

[6] Defendants contend that "plaintiff fails to identify or explain why, in light of his status as awaiting clinical privileges, he was entitled to perform those specific portions of the rehabilitative specialist position he desired as opposed to any additional or other job duties assigned to him by hospital administration. Id. at 17-18 (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) (holding that "to have a property interest in a benefit, a person must clearly have more than an abstract need or desire for it and more than a unilateral expectation for it . . . but must, instead, have a legitimate claim or entitlement to it")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

defendants argue that defendants Anderson, Levin and Barbosa are entitled to qualified immunity from plaintiff's claims because "a reasonable official in their position would have made the same decision given the circumstances." Id. at 16.

Lastly, defendants argue that plaintiff's claim under the ADA fails to state a claim upon which relief may be granted because it is barred by res judicata and since plaintiff offers no factual allegation to suggest any discriminatory motive. Id. at 20-21. Defendants further argue that plaintiff's claim for failure to accommodate cannot succeed because plaintiff admits that his medical condition did not require any accommodation. Id. at 21-22.

Plaintiff responds that "any claim that the plaintiff lacks a contractually vested right to his employment relationship with the County for purposes of due process would not defeat his first amendment claim." Opp'n at 4 (citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff argues that CSC 92-333, as well as the deprivation of pension or disability benefits, amount to the deprivation of constitutionally protected property. Id. at 5. Furthermore, in analogizing the present case to Sorrano, plaintiff contends that he has "raised sufficient facts that the discriminatory and retaliatory conduct by defendants was "suspicious" as it occurred during, and shortly after, the petitioning activity in district court in [the first] federal case, the filing of formal grievances during the period in question and plaintiff's election bid for the County Board of Supervisors seat that garnered him more than 10,000 votes."[7] Id. at 6. Moreover, plaintiff argues that the discriminatory treatment based on bias, if true, would provide the basis for plaintiff's substantive due process claim. Id. at 10 (citing Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1238 (9th Cir. 1994)). Accordingly, plaintiff contends that the substantive due process claim cannot be resolved at the pleading stage. Id.

Plaintiff further argues that the procedural due process claim should not be dismissed as "plaintiff is challenging the procedures used by defendants in adopting the regulation in question based on 'bias' in the administrative process; and based on a lack

---

[7] Plaintiff argues that "the long history of litigation between the parties going back to 1992, even if time barred, serves as the background to the present claims, and the "suspicious" timing of the present claims, provide sufficient circumstantial evidence of discriminatory intent." Opp'n at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

of a 'meaningful' opportunity to present his formal grievances." Id. at 7. With regard to plaintiff's equal protection claim, plaintiff argues that "the County has maliciously targeted him and also rejected a rather standard settlement agreement that it normally approves in other cases, actions which are cognizable in this circuit under the Equal Protection Clause." Id. at 9 (citing Armanderiz v Penman, 75 F.3d 1311, 1326 (9th Cir. 1996) (en banc)). Lastly, plaintiff argues that the County failed to make "reasonable accommodations" for him by refusing to assign him to other work that was not clerical, even though he was qualified for teaching, training, supervising and research – work that was specifically mandated under County policy for disabled workers. Id. at 11.

The Court finds that these allegations do not state a claim for which relief may be granted because plaintiff has failed to adequately plead violations of his civil rights and/or the ADA above the speculative level. See Twombly, 550 U.S. at 555. The Court further finds that, to the extent that plaintiff's damages or allegations of discrimination stem from his run for a seat on the County Board of Supervisors, his pleadings do not entitle him to relief because this was a public election in which he lost to Knabe. Moreover, the Court finds that plaintiff's allegation involving the 2008 tentative settlement and subsequent Board rejection, despite not being barred by res judicata, does not state an actionable claim for which relief can be granted because plaintiff has not specifically alleged how the rejection violated his §1983 civil rights.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff's FAC with leave to amend only as to those claims not barred by the doctrine of res judicata. Plaintiff shall file an amended complaint curing the defects noted herein within 30 days after the filing of this order. In the event that plaintiff does not amend his complaint within 30 days, this order will operate as a dismissal with prejudice.

IT IS SO ORDERED.

00 : 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6499 CAS (CWx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES; ET AL. | | |

|  | Initials of Preparer | CMJ |
|---|---|---|